

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

November 25, 1959

Mr. Joseph C. Ternus
County Attorney
San Patricio County
Sinton, Texas

Dear Mr. Ternus:

·Opinion No. WW-748

Re: Duty of County Auditor of
San Patricio County to audit
and report on affairs of
certain improvement districts.

You have requested an opinion on the following questions:

(1) Is the San Patricio County Auditor required
by law.to audit and report on the affairs of the follow-
ing:

San Patricio County Navigation District No. 1
San Patricio County Conservation and Reclamation
District No. 1
San Patricio County Conservation and Reclamation
District No. 2
San Patricio County Conservation and Reclamation
District No. 3

(2) *If he is so required, is the San Patricio County*
Auditor entitled to compensation for such services in ad-
dition to that provided by Article 1645, Vernon's Civil Statutes?

Article 1645, Vernon's Civil Statutes, as amended 1949 and 1955,
provides an annual salary for the County Auditor to be fixed by the District
Judge or Judges having jurisdiction in the county, and paid monthly out of
the county's general fund. The statutes to which.you refer us are Articles 8245,
Vernon's Civil Statutes, in connection with San Patricio County Navigation
District No. 1, and Articles 1671 and 1672, Vernon's Civil Statutes, in con-
nection with the three mentioned Conservation and Reclamation Districts.
Articles 8245 and 1672 were expressly exempted from repeal by the 1949 and 1955
amendments to Article 1645. Acts 51st Leg., 1949, ch. 552, p. 1068, sec. 2;
Acts. 54th Leg., 1955, ch. 414, p. 1117, sec. 4.

As to Articles 1671 and 1672, you have expressed the opinion that these
articles require the County Auditor of San Patricio County to audit and report

on the affairs of the three Conservation and Reclamation Districts, and that Article 1672 provides for compensation for such services.  Articles 1671 and 1672 are as follows:

"Art. 1671

"The county auditor shall check all reports required by law to be filed by any district officer, and within thirty days after the filing thereof shall make a detailed report to the commissioners court showing his finding thereon and the condition of such district as shown by said report, and as shown by the records of his office.  He shall keep a set of books, showing all receipts and expenditures of the funds of such districts.  It shall not be lawful for the treasurer or other depository to receive money for said district without executing proper receipts upon forms to be provided by the county auditor.  All books, accounts, records, bills and warrants in the possession of any officer of any such district, or in the possession of any other person legally charged with their custody, shall at all times be subject to the inspection of the county auditor."

"Art. 1672

"The county auditor shall receive for his services in auditing the affairs of such districts, such compensation as the commissioners court may prescribe, which shall be paid by the county out of the general fund and repaid to the county by such districts by warrants drawn upon the proper funds of such district.  In such counties which have or may have as many as five such districts, the compensation allowed the county auditor for his services on behalf of such districts shall be not less than the sum of twelve hundred dollars per annum, to be prorated among the districts in such proportion as the commissioners court may determine."

The above articles, however, must be read in conjunction with Article 1667, Vernon's Civil Statutes, in order to determine what is intended by the phrase "such districts".  Article 1667 is as follows:

"In all counties which have or may have a County Auditor and containing a population of one hundred ten thousand (110,000) or more, as shown by the preceding Federal Census, and in all counties having a population of not less than thirty-eight thousand (38,000) nor more than thirty-eight thousand three hundred fifty(38,350), according to the last

> Federal Census, and in which counties there exists
> or in which there may be created any improvement, navi-
> gation, drainage, or road or irrigation district, or any
> other character of district having for its purpose the
> expenditure of public funds for improvement purposes, or
> for improvements of any kind whether derived from the issuance
> of bonds or through any character of special assessment, the
> County Auditor shall exercise such control over the finances
> of said district as hereinafter provided."

It is true that this article seems to apply to both kinds of districts here in question, since it expressly mentions navigation districts, and since the phrase "district having for its purpose the expenditure of public funds for improvement purposes" appears to apply to conservation and reclamation districts. Article 1667 clearly is intended, however, to limit the appli-cation of ensuing provisions relating to control over improvement district finances by the County Auditor to districts in counties having a population of thirty-eight thousand (38,000) to thirty-eight thousand three hundred and fifty (38,350) or counties having a population of one hundred ten thousand (110,000) or more, according to the last Federal Census. Our in-formation is that San Patricio County has a population of thirty-five thousand eight hundred and forty-two (35,842) according to the 1950 Federal Census and thus does not fall within either of the population categories specified. United States Department of Commerce, Bureau of the Census, "Number of In-habitants--Texas", United States Government Printing Office, 1951, p. 43-16. Therefore, Article 1667, and consequently Articles 1671 and 1672, do not apply to San Patricio County Conservation and Reclamation Districts Nos. 1, 2 and 3, or to San Patricio County Navigation District No. 1.

You have expressed the opinion that Article 8245 requires the County Auditor to audit and report on the affairs of San Patricio County Navigation District No. 1. Article 8245 is as follows:

> "Such commissioners may employ such persons as they may
> deem necessary for the construction, maintenance, operation, and
> development of the Navigation District, its business and facili-
> ties, prescribe their duties and fix their compensation, and the
> County Auditor, as Auditor for such Navigation District having
> large port facilities, shall make such additional reports and
> perform such accounting services in addition to those now re-
> quired by law as may be reasonably incident to the proper conduct
> of the business of such districts, provided the compensation of
> the County Auditor who shall act hereunder and under the pro-
> visions of Title 34, Subdivision 2, shall be fixed and determined
> by the judge of the District Court or courts having jurisdiction
> in said county after due hearing with respect to the amount and

value of the services performed, which amount shall be paid
monthly from the funds of said Navigation District, and fur-
ther provided that the maximum amount which may be allowed by
said District Judges for said services shall not exceed the
amount now being paid."

It is our opinion that the phrase "as auditor for such Navigation
District having large port facilities", is intended to limit the application
of this article to those districts as to which the County Auditor already
has a duty to act as auditor. We have seen that Articles 1667, 1671, and
1672 impose no such duty in the case of San Patricio Navigation District No. 1;
as there are no further statutes purporting to prescribe duties of the County
Auditor in connection with Navigation Districts, it is our opinion that
Article 8245 is not applicable to San Patricio Navigation District No. 1,
and that the County Auditor is not required by law to audit and report on the
affairs of this Navigation District.

The question remains whether the County Auditor is required to audit
and report on the affairs of the three Conservation and Reclamation Districts
by some other provision of law. Articles 8194 and 8196, Vernon's Civil
Statutes, are concerned with the creation and operation of Conservation and
Reclamation Districts. Article 8194 reads as follows:

"Conservation and reclamation districts may be created
and organized in any manner that water improvement, drainage,
or levee improvement districts are authorized by the laws of
this State to be created, and for the several purposes therein
provided."

Article 8196 reads as follows:

"Any such district, or any district organized hereunder,
may incur indebtedness and levy taxes to fully carry out each
purpose of its organization, and for the payment of its obliga-
tions and the maintenance and operation of said district; and any
such district shall be governed and controlled by the provisions
of law under which it organized." (Emphasis ours)

These articles may be interpreted as requiring that where a Conserva-
tion and Reclamation District is organized in some manner authorized by the
statutes providing for the creation of one or more of the three above-mentioned
types of improvement districts, and where, further, the County Auditor is re-
quired by law to audit and report on the affairs of such improvement districts,
the County auditor is thereby required to audit and report on the affairs of the
Conservation and Reclamation District. An examination of the statutes relating

to water improvement, drainage, and levee improvement districts, however, discloses no provision imposing such a duty on the County Auditor except the provisions of Article 1667, et seq., already found to be inapplicable to improvement districts in San Patricio County. Accordingly, it is our opinion that the County Auditor of San Patricio County is not required to audit and report on the affairs of San Patricio County Conservation and Reclamation Districts Nos. 1, 2 and 3.

## SUMMARY

The County Auditor of San Patricio County is not required to audit and report on the affairs of San Patricio County Navigation District No. 1 or San Patricio County Conservation and Reclamation Districts Nos. 1, 2 and 3.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Lawrence Hargrove

Lawrence Hargrove
Assistant

LH:me

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

L. P. Lollar
Bob Shannon
Joe Osborn
C. K. Richards

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore